IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JARED SAMUELS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| | § | CIVIL ACTION NO 5:19-cv-01025 |
| v. | § | |
| | § | |
| | § | |
| **BIRD RIDES, INC.,** | § | |
| | § | |
| | § | |
| **Defendant.** | § | |

## NOTICE OF REMOVAL BY DEFENDANT BIRD RIDES, INC.

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Bird Rides, Inc. ("Bird") by and through its undersigned counsel, hereby removes the state court action (hereinafter the "State Court Action") styled *Jared Samuels v. Bird Rides Inc.*, Cause No. 2019CI16024, pending in the 288th District Court of Bexar County, Texas to the Western District of Texas, San Antonio Division. In support of removal, Bird states as follows:

### BACKGROUND

1.      On August 9, 2019, Plaintiff Jared Samuels ("Samuels") commenced this action by filing an Original Petition, Verified Application for Temporary Restraining Order and Injunction, and Request for Discovery (the "Original Petition") in the District Court of Bexar County, Texas, Cause No. 019CI16024 (the "State Court Action").

2.      Samuels served Bird with the summons and Original Petition on August 15, 2019.

3.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders in the State Court Action, along with a copy of the docket from the State Court Action as of the date of this removal, are attached collectively hereto as Exhibit A. Bird has no knowledge

of any other process, pleadings, or orders served in connection with this action, other than those attached as Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served upon Counsel for Plaintiff, and filed with the Bexar County District Court Clerk as an exhibit to the Notice of Filing of Notice of Removal, attached hereto as Exhibit B.

5. Attached as Exhibit C is a complete Civil Cover Sheet.

## GROUNDS FOR REMOVAL

6. As set forth more fully below, this case is removable to the United States District Court for the Western District of Texas pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This Court has original subject matter jurisdiction over this case because it is a case between citizens of different States in which the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a), 1441(b).

A. **The Diversity of Citizenship Requirement is Satisfied**

7. Upon information and belief, and as alleged in the Original Petition, Plaintiff Samuels is a citizen of the State of Texas. Ex. A, Original Pet. at ¶ 2.

8. Defendant Bird is a Delaware Corporation with its principal place of business in Santa Monica, California. Therefore, Bird is a citizen of both the state of Delaware and the state of California. *See* 28 U.S.C. § 1332(c)(1).

9. Given the foregoing, there is complete diversity of citizenship between the parties in that Plaintiff is a citizen of Texas and Bird is a citizen of Delaware and California. 28 U.S.C. § 1332(a)(1).

B. **The Amount in Controversy Requirement is Satisfied**

10. The amount in controversy exceeds the sum of $75,000, exclusive of interest and

costs. As set forth in the Petition, and in addition to other categories of damages, Plaintiff seeks damages in excess of $1,000,000, exclusive of interest and costs. *See* Ex. A, Original Pet. at ¶ 33. Because Plaintiff's Original Petition seeks monetary relief over $75,000, the amount in controversy well exceeds the sum of $75,000. *See Horton v. Liberty Mutual Insurance Company*, 367 U.S. 348, 353 (1961) (noting that the "general federal rule has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed 'in good faith'").

11. Accordingly, the jurisdictional amount in 28 U.S.C. § 1332(a) is satisfied in this case.

## **BIRD HAS SATISFIED ALL OTHER PROCEDURAL REQUIREMENTS FOR REMOVAL**

12. In addition to satisfying the requirements of diversity jurisdiction, Bird has satisfied all other requirements for removal.

13. This Notice of Removal is timely filed because less than 30 days have passed since the date this case became removable, which occurred on August 15, 2019 when Bird was served with the summons and the Petition. *See* 28 U.S.C. § 1446(b); *see also* Exhibit A.

14. Venue is proper in this District and Division because this Court is "the district court of the United States for the district and division embracing the place where such action is pending," which is the District Court of Bexar County, Texas. 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 124(d)(4).

15. In accordance with 28 U.S.C. § 1446(d), Bird will promptly serve a copy of this Notice of Removal on Plaintiff's counsel, and will file a Notice of Filing this Notice of Removal with the Clerk of the District Court of Bexar County, Texas, in the State Court Action.

## RESERVATION OF RIGHTS AND DEFENSES

By filing this Notice of Removal, Bird does not waive but specifically reserves any and all defenses that may be available to it. In addition, Bird does not concede that Plaintiff Samuels states any claim upon which relief can be granted, or that Samuels is entitled to any relief of any nature, at law or in equity Nevertheless, Plaintiffs' claims, as pleaded in the Petition at the time of removal, "whether well or ill founded in fact, fix[] the right of the defendant to remove." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938).

## CONCLUSION

**WHEREFORE**, Defendant Bird Rides, Inc. gives notice and respectfully requests that the State Court Action be removed to the United States District Court for the Western District of Texas, San Antonio Division based on 28 U.S.C. § 1332(a), and prays that this Court take jurisdiction over this matter to its conclusion and final judgment in accordance with law.

Dated: August 23, 2019

                                                              Respectfully submitted,

/s/ *Elizabeth Ross Hadley*
Elizabeth Ross Hadley
Texas Bar No.: 24063085
Emily Willis
Texas Bar No.: 24099185
**Greenberg Traurig LLP**
300 West 6th Street, Suite 2050
Austin, Texas 78701
(512) 320-7209 (telephone)
(512) 320-7210 (facsimile)

Lori Cohen
Georgia Bar No.: 174455
Admitted in Western District of Texas
**Greenberg Traurig LLP**
3333 Piedmont Road NE, Suite 2500
Atlanta, GA 30305
(678) 553-2385 (telephone)
(678) 553-2386 (facsimile)

*ATTORNEYS FOR BIRD RIDES, INC.*

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record have been served with a copy of the foregoing via certified registered email and certified mail return receipt requested and the Court's ECF filing system on August 23, 2019 at the address set forth below.

Neil Solomon
Texas State Bar No. 24079369
John C. (Jack) Zinda
Texas State Bar No. 24053569
Rian Butler
Texas State Bar No. 24094110
Zinda Law Group, PLLC
8834 North Capital of Texas Highway
Suite 304
Austin, Texas 78759
Phone (512) 246-2224
Fax (512) 580-4252
Email: service@hzfirm.com

*Attorneys for Plaintiff Jared Samuels*

/s/ *Elizabeth Ross Hadley*_____
Elizabeth Hadley