# EXHIBIT A



**COUNTY CLERK & DISTRICT CLERK**
**COURT RECORDS SEARCH**

# Case #2019CI16024

**Name** : JARED SAMUELS

**Date Filed** : 8/9/2019

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 288

**Docket Type** : OTHER INJURY OR DAMAGE

**Business Name** :

**Style** : JARED SAMUELS

**Style (2)** : vs BIRD RIDES INC

# Case History

*Currently viewing 1 through 7 of 00007 records*

| Sequence | Date Filed | Description |
|---|---|---|
| S00001 | 8/13/2019 | CITATION<br>BIRD RIDES INC<br>ISSUED: 8/13/2019 RECEIVED: 8/12/2019<br>EXECUTED: 8/15/2019 RETURNED: 8/16/2019 |
| O00001 | 8/13/2019 | TEMP REST ORD, AND ORDER SETTING HEARING FOR RQST FOR TEMP INJ<br>JUDGE: DAVID A. CANALES<br>VOL: 5061 PAGE: 626 PAGE COUNT: 2 |
| T00004 | 8/13/2019 | NON-JURY<br>TEMPORARY INJUNCTION<br>COURT: 109 TRIAL DATE & TIME: 8/27/2019 9:00AM |
| B00001 | 8/13/2019 | JARED SAMUELS<br>AGENT:<br>AMOUNT: $500.00<br>SURETY: CASH DEPOSIT IN LIEU<br>REASON: TRO<br>FORM: CASH |
| P00003 | 8/9/2019 | REQUEST FOR SERVICE AND PROCESS |
| P00002 | 8/9/2019 | PETITION |
| P00001 | 8/9/2019 | SERVICE ASSIGNED TO CLERK 2 |

FILED
8/16/2019 11:55 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Patricia Baskette

**PRIVATE PROCESS**

Case Number: 2019-CI-16024

2019CI16024   S00001

**JARED SAMUELS**
**VS.**
**BIRD RIDES INC**
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
288th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   BIRD RIDES INC

BY SERVING ITS REGISTERED AGENT, NATIONAL REGISTERED AGENTS INC

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION WITH VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCOVERY , a default judgment may be taken against you." Said ORIGINAL PETITION WITH VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCOVERY was filed on the 9th day of August, 2019.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 13TH DAY OF AUGUST A.D., 2019.

RIAN BUTLER
ATTORNEY FOR PLAINTIFF
8834 N CAPITAL OF TEXAS HWY 304
AUSTIN, TX 78759-6473



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Louis Alaniz*, Deputy

---

JARED SAMUELS
VS
BIRD RIDES INC

**Officer's Return**

Case Number: 2019-CI-16024
Court: 288th Judicial District Court

I received this CITATION on _____ at _____ o'clock ___M and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION WITH VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCOVERY the date of delivery endorsed on it to the defendant _____ in person on the _____ at _____ o'clock ___M at _____ or ( ) not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires _____

~~SERVICE RETURN ATTACHED~~

_____ County, Texas

By: ATX Process, LLC
704 West 9th Street
Austin, TX 78701

OR. VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

NOTARY PUBLIC, STATE OF TEXAS

OR. My name is _____ , my date of birth is _____ , and my address is _____ , _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of _____ , 20_____.

_____
Declarant

Case Number: 2019CI16024          Document Type: CITATION          Page 1 of 4

RETURN TO COURT (DK802)

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Bexar**                    288th Judicial District Court

Case Number: 2019CI16024

Plaintiff:
**Jared Samuels**
vs.
Defendant:
**Bird Rides, Inc.**

For: Zinda Law Group, PLLC

Received by ATX Process, LLC on the 12th day of August, 2019 at 5:39 pm to be served on **Bird Rides, Inc. by serving its registered agent, National Registered Agents, Inc., 1999 Bryan Street, Ste. 900, Dallas, Dallas County, TX 75201.** I, _____, being duly sworn, depose and say that on the __15__ day of __August__, 20_19_ at __2:35__ m., executed service by delivering a true copy of the **Citation and Plaintiff's Original Petition, Verified Application for Temporary Restraining Order and Injunction, and Request for Discovery** in accordance with state statutes in the manner marked below:

( ✓ ) CORPORATE SERVICE: By serving __Terri Thongsavat__ (individual accepting) as __SOP intake__ (title), at __1999 Bryan St Ste 900__ (street), __Dallas__ (city), __TX__ (state) __75201__ (zip code) __Dallas__ (county).

( ) PUBLIC AGENCY: By serving _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) SUBSTITUTE SERVICE: By serving _____ (individual accepting) as _____ (relationship/title) at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) GOVERNMENT AGENCY: By serving _____ (individual accepting) as _____ (title) of the within-named agency at _____ (street), _____ (city), _____ (state) _____ (zip code) _____ (county).

( ) NON SERVICE: For the reason detailed in the comments below.

COMMENTS: _____
_____
_____
_____

## AFFIDAVIT OF SERVICE For 2019CI16024

I certify that I am over the age of 18, have no interest in the above action, and have the proper authority in the jurisdiction in which this process was delivered.  The facts in this affidavit are within my personal knowledge and true and correct.

Subscribed and sworn to before me on the 16
day of August, 19 by the affiant
who is personally known to me.

M J Perkins
NOTARY PUBLIC

MALLORY J PERKINS
Notary Public
STATE OF TEXAS
ID#132087221
My Comm. Exp. July 16, 2023

Mitchell Dracy

PROCESS SERVER # DSC 7995
Appointed in accordance with State Statutes
EXP: 12-31-19

ATX Process, LLC
704 W. 9th Street
Austin, TX 78701
(512) 717-5600

Our Job Serial Number: 2019001420
Ref: Jared Samuels

Document Type: CITATION
Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0n

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*August 19, 2019*

MARY ANGIE GARCIA
BEXAR COUNTY, TEXAS

By: _____

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*



2019CI16024 -B00001

CRT

## Certificate of District Clerk That Plaintiff(s)
## Made Cash Deposit In Lieu Of
## Temporary Restraining Order Bond

The State of Texas
County of Bexar                         **288th** Judicial District Court

I, Mary Angie Garcia , Clerk of the District Courts in and for Bexar County, Texas, do hereby certify that <u>JARED SAMUELS</u> in Cause No. <u>2019CI16024</u>, Styled <u>JARED SAMUELS</u> vs.<u>BIRD RIDES, INC.</u> , have this day deposited the sum of <u>FIVE HUNDRED DOLLARS</u> (<u>$500.00</u>) cash, which is the amount ordered by the Court in lieu of Temporary Restraining Order Bond.

WITNESS, Mary Angie Garcia, Clerk of the District Courts of Bexar County, Texas. Given under my hand and seal of said Courts of Bexar County, Texas, on <u>August 13, 2019.</u>

FILED
DISTRICT CLERK
BEXAR CO. TEXAS
19 AUG 13 PM 4:46
DEPUTY
BY:

Mary Angie Garcia
District Clerk, Bexar County, Texas

BY: _____
        Bernardo Almaraz, Deputy

## * * RECEIPT REQUIRED FOR REFUND OF FUNDS

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK. DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*August 19, 2019*

MARY ANGIE GARCIA,
BEXAR COUNTY, TEXAS

By: _____

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

DOCUMENT SCANNED AS FILED



2019CI16024 -D288

# TRUST

CAUSE NO. 2019-CI-16024

| | | |
|---|---|---|
| **JARED SAMUELS** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 285th JUDICIAL DISTRICT |
| | § | |
| **BIRD RIDES, INC.** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

### ORDER ON PLAINTIFF'S VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING

Plaintiff's Application for a Temporary Restraining Order was presented to the Court today. The Court examined the pleadings and finds that Plaintiff is entitled to a Temporary Restraining Order.

IT IS THEREFORE ORDERED that the Clerk of this Court issue a Temporary Restraining Order restraining Defendants from:

1. Taking any action that might alter, damage or destroy the scooter in question and all of its parts and components involved in the subject incident;

2. Taking any action that might alter, damage or destroy the electronic control module and any data in the electronic control module and any data already downloaded from the electronic control module involved in the incident in question; and

3. Taking any action that might alter, damage or destroy any and all maintenance records, repair reports, and any other document related to repairs or maintenance of the scooter involved in the incident in question.

This restraining order is effective immediately and shall continue in force and effect until further order of this Court or until it expires by operation of law. This order shall be binding on Defendants; on all Defendants' agents, servants, and employees; and on those persons in active concert or participation with him who receive actual notice of this order by personal service or

**ORDER ON PLAINTIFF'S VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER SETTING HEARING**
*Jared Samuels v. Bird Rides, Inc.*
**Page 1 of 2**



2019CI16024 -T00004

otherwise. ~~The requirement of a~~ A ~~bond is waived.~~ of $500.00 shall be posted. OR

IT IS FURTHER ORDERED that the clerk shall issue notice to Defendant to appear, and

Defendant is hereby ORDERED to appear in court on the _27th_ day of OR

_August_, 2019 at _9:00_ A .M. in the Civil Presiding District Court, 100 Dolorosa, Room L09, San Antonio, TX 78205 At that time, the dockets posted at the

courthouse will display the courtroom of the District Judge or Associate Judge assigned to hear

the case, and the Defendant is ORDERED to appear in that courtroom before that judge. The

District Court number that appears at the top of the first page of the court documents ("in the

_288th_ District Court of Bexar County") is not necessarily the court that will hear the case. Rely

on the docket displays and/or guidance from the Office of the Court Administrator at the

courthouse.

The purpose of the hearing is to determine whether, while this case is pending, the

preceding temporary restraining order should be made a temporary injunction pending final

hearing.

The Court should make all other and further orders that are pleaded for or that are deemed

necessary for the preservation of the evidence.

IT IS FURTHER ORDERED that any authorized person eighteen years of age or older

who is not a party to or interested in the outcome of this suit may serve any citation, notice, or

process in this case.

SIGNED on ___AUG 1 3 2019___ at _1:21_ P .M.

_____
JUDGE PRESIDING   David A. Canales
                  73rd District Court

**ORDER ON PLAINTIFF'S VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER
AND ORDER SETTING HEARING**
*Jared Samuels v. Bird Rides, Inc.*
Page 2 of 2

Case Number: 2019CI16024

Document Type: ORDER ON PLAINTIFFS VERIFIED APPLICATION FOR TEMPORARY I
Page 2 of 3

08/13/2019 VOL 5061 PG 0057



CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, CERTIFY THAT THE FOREGOING IS A TRUE
AND CORRECT COPY OF THE ORIGINAL RECORD AS
INDICATED BY THE VOLUME, PAGE AND COURT ON
SAID DOCUMENT. WITNESSED MY OFFICIAL HAND
AND SEAL OF OFFICE ON THIS:

*August 19, 2019*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By: _____

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

**2019CI16024**

FILED
8/9/2019 11:19 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles



**Cause Number:** _____

**District Court :** _____288th_____

# Donna Kay M<sup>c</sup>Kinney
## Bexar County District Clerk

CIT PPS - SAC 2

## Request for Process

**Style:** Jared Samuels _____ **Vs.** Bird Rides Inc _____

**Request the following process: (Please check all that Apply)**

☒ Citation ☐ Notice ☒ Temporary Restraining Order ☐ Notice of Application for Protective Order
☐ Temporary Protective Order ☐ Precept with hearing ☐ Precept *without* a hearing ☐ Writ of Attachment
☐ Writ of Habeas Corpus ☐ Writ of Garnishment ☐ Writ of Sequestration ☐ Capias ☐ Other: _____

**1.**
**Name:** Bird Rides Inc _____

**Registered Agent/By Serving:** National Registered Agents Inc _____

**Address** 1999 Bryan Street, Ste 900, Dallas, TX 75201 _____

**Service Type:** (Check One) ☒*Private Process* ☐*Sheriff* ☐*Commissioner of Insurance* ☐*SA Express News* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐*Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Constable Pct__*
*(Pct. 3 serves process countywide)*

**2.**
**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐*Private Process* ☐*Sheriff* ☐*Commissioner of Insurance* ☐*SA Express News* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐*Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Constable Pct__*
*(Pct. 3 serves process countywide)*

**3.**
**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐*Private Process* ☐*Sheriff* ☐*Commissioner of Insurance* ☐*SA Express News* ☐*Hart Beat* ☐*CourthouseDoor*
☐*Certified Mail* ☐*Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Constable Pct__*
*(Pct. 3 serves process countywide)*

**4.**
**Name:** _____

**Registered Agent/By Serving:** _____

**Address** _____

**Service Type:** (Check One) ☐*Private Process* ☐*Sheriff* ☐*Commissioner of Insurance* ☐*SA Express News* ☐*Hart Beat* ☐*Courthouse Door*
☐*Certified Mail* ☐*Registered Mail* ☐*Out of County* ☐*Secretary of State* ☐*Constable Pct__*
*(Pct. 3 serves process countywide)*

**Title of Document/Pleading to be Attached to Process:** Plaintiff's Original Petition, Verified Application
for Temporary Restraining Order and Injunction, and Request for Discovery

**Name of Attorney/Pro se:** Rian Butler _____ **Bar Number:** 24079369 _____
**Address:** 8834 North Capital of Texas Highway, Ste 304 ____ **Phone Number:** (512) 246-2224 ____
Austin, TX 78759 _____

**Attorney for Plaintiff** Jared Samuels ____ **Defendant** _____ **Other** _____

***\*\*\*\*IF SERVICE IS NOT PICKED UP WITHIN 14 BUSINESS DAYS, SERVICE WILL BE DESTROYED\*\*\*\****

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*August 19, 2019*

**MARY ANGIE GARCIA**
**BEXAR COUNTY, TEXAS**

By: _____

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

FILED
8/9/2019 11:19 AM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Victoria Angeles

CAUSE NO. _____ **2019CI16024**

| | | |
|---|---|---|
| **JARED SAMUELS** | § | **IN THE DISTRICT COURT** |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | 288th   **JUDICIAL DISTRICT** |
| | § | |
| **BIRD RIDES, INC.** | § | |
| | § | |
| **Defendant.** | § | **BEXAR COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION, VERIFIED APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION, AND REQUEST FOR DISCOVERY

Plaintiff, Jared Samuels, comes before this Court to assert the following factual allegations and causes of action against Defendant Bird Rides, Inc.

### I.   DISCOVERY

1.   Plaintiff pleads that discovery in this matter shall be conducted pursuant to TEX. R. CIV. P. 190.4 (Level III).

### II.   PARTIES AND SERVICE

2.   Plaintiff is a natural person and resident of Walker County, Texas. The last three digits of Plaintiff's Social Security Number and driver's license are 991 and 522, respectively.

3.   Defendant is a Delaware corporation doing business across Texas, including in San Antonio, Bexar County. Defendant may be served with process by serving a copy of the citation and Petition upon its Registered Agent, National Registered Agents, Inc., at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

### III.   MISNOMER/ALTER EGO

4.   In the event any parties are misnamed or are not included herein, Plaintiff contends that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein.

## IV.   AGENTS AND EMPLOYEES

5.    Whenever alleged in this Petition that any non-natural Defendant did or failed to do any act or thing, it is meant that such Defendant's directors, officers, agents, servants, employees, representatives, and/or contractors subject to such Defendant's control did or failed to do such act or thing and that at the time such conduct occurred, it occurred with the authorization and/or ratification of such Defendant and/or was done in the normal and routine course and scope of employment or agency of such Defendant's directors, officers, agents, servants, employees, representatives, and/or contractors subject to such Defendant's control making that Defendant responsible and liable for all such conduct. Plaintiff invokes the doctrine of *respondeat superior.*

## V.   JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this lawsuit. Plaintiff's claims involve Texas statutory and common law. The amount in controversy is within this Court's jurisdictional limit.

7.    This Court has personal jurisdiction over the parties. All the parties are either individuals or corporate residents of the State of Texas, have sufficient minimum contacts with the State of Texas, and/or have purposefully availed themselves of the laws and markets of the State of Texas so as to not offend traditional notions of fair play and substantial justice.

8.    This Court is the proper venue to hear this lawsuit pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002(a) because the events giving rise to this lawsuit occurred in Bexar County, Texas.

## VI.   CONDITIONS PRECEDENT

9.    All conditions precedent have been performed or have occurred.

## VII.   FACTS

10.   Defendant is in the business of renting motorized electric scooters to the general public through an application downloaded and installed onto customers' smartphones.

11.   Defendant deploys its electric scooters onto public streets and sidewalks in metropolitan areas such as San Antonio, Texas, and allows members of the public with a smartphone to rent its scooters for a fee charged to the user's credit or debit card.

12.   Defendant provides minimal instruction or training, if *any*, to its customers.

13.   Upon completion of a ride, users abandon the rented scooters at any location, including public and private property, to be rented by the next potential customer.

14.   Upon information and belief, Defendant's scooters remain in a constant state of circulation and are generally removed from public use only to be charged by independent contractors, who then redeploy the scooters into the public after charging.

15.   Upon information and belief, Defendant's scooters do not undergo regular or routine maintenance, but are removed from public circulation only if members of the public report malfunctions directly to Defendant.

16.   Other than during charging or irregular maintenance, scooters are left outdoors, exposing them to the elements, which subjects scooters to excessive wear and tear and the degradation of the physical integrity of the scooters.

17.   An investigation performed by Consumer Reports stated that between the time Defendant released its scooters on city streets in July 2017 and February 2019, at least 1,500 people in the United States had been injured in electric scooter crashes.

18.   On or about July 13, 2019, Plaintiff rented and used a Bird scooter in San Antonio, Texas.

19.   Prior to Plaintiff's use of the scooter, Defendant provided no instruction or training to Plaintiff regarding the use of its scooters.

20.   Plaintiff and his family left lunch in downtown San Antonio and rode scooters towards their hotel on the Riverwalk. Plaintiff was riding a Bird scooter west on Martin Street approaching Soledad Street.

21.   Plaintiff was riding the scooter in a reasonable and prudent manner and was exercising ordinary care for his safety at all relevant times.

22.   Without Plaintiff applying the scooter's brakes, the Bird scooter spontaneously stopped, throwing Plaintiff over the handlebars.

23.   The scooter's unexpected stop threw Plaintiff face first onto the concrete beneath him. Plaintiff was unconscious for approximately five minutes as his wife, stepson, and stepdaughter looked on in horror. A passerby stopped, got out of their SUV, and came to the sidewalk to pray with the Samuels family. Doctors later told Plaintiff that he was lucky to be alive after the crash.

24.   Upon information and belief, Defendant was aware prior to Plaintiff's crash that the mechanical function of the Bird scooter braking system routinely failed.

25.   Upon information and belief, Defendant was aware prior to Plaintiff's crash that Defendant's maintenance practice of adjusting the mechanical function of the brakes did not prevent brake failures.

26.   Defendant was aware prior to Plaintiff's crash that Bird scooters suffered regular mechanical issues including, but not limited to, brake failure and sudden and unexpected braking.

27. Defendant did not warn the public of the dangerous conditions caused by the above-listed mechanical and software malfunctions in its scooters, nor take actions to remedy the dangerous conditions.

## VIII. CAUSES OF ACTION

### A.   <u>Negligence of Defendant</u>

28. Plaintiff repleads the foregoing factual allegations as if here quoted verbatim and set forth herein at length.

29. At the time of Plaintiff's crash, the scooter involved was owned and within the control of Defendant. Therefore, Defendant owed duties of ordinary care to Plaintiff.

30. Defendant's conduct as outlined above breached those duties through various acts and/or omissions, including the following, each of which singularly or in combination with others, constitute acts of negligence that were a direct and proximate cause of the occurrence in question and the resulting injuries or damages set forth herein:

   a.   Refusing to diligently service and maintain the subject scooter;

   b.   Failing to provide proper instruction or training to Plaintiff or other users of scooters;

   c.   Knowingly putting scooters in the stream of commerce that had not been reasonably serviced and/or maintained;

   d.   Refusing to warn its consumers of dangerous conditions in scooters in a timely manner after learning of the software and/or mechanical defects;

   e.   Putting unreasonably dangerous scooters with known software and/or mechanical defects in the stream of commerce for consumer use;

   f.   Refusing to utilize available information regarding software and/or mechanical defects to properly monitor scooters, including the subject scooter, to ensure the safety of consumers;

g.      Refusing to utilize available technology to monitor and audit the safety performance of scooters placed in the stream of commerce, including the subject scooter;

h.      Refusing to ensure the subject scooter was in proper working order and free from any software and/or mechanical defects; and

i.      Refusing to put in place proper guidelines to ensure the subject scooter was not placed in an unsafe area for consumer use.

31.    As a direct and proximate result of the foregoing acts and/or omissions, Plaintiff suffered personal injuries and resulting damages in an amount to be determined at trial.

## IX.   DAMAGES

32.    As a direct and proximate result of the collision made the basis of this lawsuit, Plaintiff suffered and will in all reasonable probability continue to suffer the following actual damages, the dollar value of which exceeds the minimal jurisdictional limits of this Court:

a.      Medical treatment paid or incurred in the past;

b.      Medical treatment which will be necessary in the future;

c.      Past and future pain and suffering;

d.      Past and future mental anguish;

e.      Physical disfigurement;

f.      Past and future impairment;

g.      Lost wages; and

h.      Loss of past and future earning capacity.

33.    Pursuant to TEX. R. CIV. P. 47, Plaintiff seeks monetary relief over $1,000,000. Plaintiff's counsel offers this statement for informational purposes only as required by TEX. R. CIV. P. 47 and reserves the right to change or amend it as the evidence deems necessary. The

amount of monetary relief actually awarded, however, will ultimately be determined by a jury. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## X.    TEX. R. CIV. P. 193.7 NOTICE

34.   Pursuant to TEX. R. CIV. P. 193.7, Plaintiff hereby gives notice of intent to utilize items produced in discovery against the producing party.

## XI.    DISCOVERY

35.   Pursuant to TEX. R. CIV. P. 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information or material described in TEX. R. CIV. P. 194.2.

## XII.    PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

36.   Plaintiff comes before this Honorable Court and files an Application for Temporary Injunction and, in connection, presents an Application for Temporary Restraining Order together with his Original Petition and an Affidavit supporting the motion presented.

37.   Plaintiff requests a temporary restraining order and temporary injunction because unless Defendant, their agents, their servants, and employees or anyone acting in concert with them, are immediately deterred from taking any action that might alter, damage, repair, or destroy key evidence, Plaintiff will suffer irreparable injury. Defendant's repair, removal, destruction, disposal, inspection, or testing of the evidence may destroy or severely alter the condition of the evidence and prevent Plaintiff from asserting the right to inspect or test the evidence as provided by the Texas Rules of Civil Procedure. The evidence includes the following:

   a.    the scooter in question and all of its parts and components involved in the subject incident;

   b.    the electronic control module and any data in the electronic control module and any data already downloaded from the electronic control module involved in the incident in question;

    c.     any and all maintenance records, repair reports, and any other document related to repairs or maintenance of the scooter involved in the incident in question.

38.    Plaintiff respectfully requests the Court order that Defendant, its agents, servants, employees or anyone having knowledge of this order are hereby commanded forthwith to desist and refrain from removing, altering, repairing, damaging, or destroying any of the above-referenced evidence.

### XIII.    PRAYER

WHEREFORE, Plaintiff prays that Defendants be cited according to law to appear and answer herein, and that upon final trial, Plaintiff have judgment against Defendants as follows:

1.    A Temporary Restraining Order, as requested;

2.    An award of actual damages;

3.    An award of pre-judgment interest;

4.    An award of post-judgment interest;

5.    And other relief the Court determines is just under the circumstances.

Respectfully submitted,

Zinda Law Group, PLLC
8834 North Capital of Texas Highway
Suite 304
Austin, Texas 78759
(512) 246-2224 Office
(512) 580-4252 FAX
**Service of Documents: service@hzfirm.com**

By:  /s/ Neil Solomon
    John C. (Jack) Zinda
    State Bar No. 24053569
    Neil Solomon
    State Bar No. 24079369
    Rian Butler
    State Bar No. 24094110

### ATTORNEYS FOR PLAINTIFF

## VERIFICATION

STATE OF TEXAS                                     §
TRAVIS COUNTY                                      §

Before me, the undersigned notary, on this day personally appeared Neil Solomon, the

affiant, a person whose identity is known to me. After I administered an oath to affiant, affiant

testified:

"My name is Neil Solomon. I am capable of making this verification. I have read Plaintiff's

Original Petition, Request for Discovery, Verified Application For Temporary Restraining Order

and Injunction. The facts stated in it are within my personal knowledge and are true and correct."

Neil Solomon

SUBSCRIBED AND SWORN TO BEFORE ME on the 7th day of August 2019, to certify
which witness my hand and seal of office.

NOTARY PUBLIC IN AND FOR
THE STATE OF TEXAS
Type ID: _____
Personally known: _____

MARA HAVIS
My Notary ID # 130269655
Expires June 15, 2023

PLAINTIFF'S ORIGINAL PETITION & REQUEST FOR DISCOVERY
*Jared Samuels v. Bird Rides, Inc.*
Page 9 of 9

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY.  WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*August 19, 2019*

MARY ANGIE GARCIA
BEXAR COUNTY, TEXAS

By:

CHRISTINA CARREON, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*